U- O· ·



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 26, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-664
Re: Whether Comptroller can
ratify fully executed de-
linquent tax contracts so
as to permit electing at-
torney to be paid partly
out of State's share of
taxes collected

We are in receipt of your letter of April 25,
1939, advising that Mr. Sterling Williams, an attorney,
has just collected by suit, delinquent taxes in the sum
of One Thousand Eight Hundred Fifty-three Dollars ($1853.00)
for Borden County, being entirely for personal property on
the insolvent rolls for the years 1933, 1934 and 1935, all
from one man. The Commissioners' Court employed him to
bring the suit, and the time being short, he filed suit
immediately on word from them, sued for and recovered both
State and county taxes, for which the Commissioners' Court
agreed to pay him fifteen per cent (15%) as attorney's fees.
The contract not having been approved by the Comptroller
and by the Attorney General, the question is now submitted
as to whether or not the Comptroller can ratify the action
of the Commissioners' Court so that the State may now bear
its prorata part of attorney's fees for the money actually
turned in to the State on the case.

Article 7335, Revised Civil Statutes, makes pro-
vision for the Commissioners' Court of any county after
thirty days notice to the county or district attorney to
file delinquent tax suits and his failure to do so, to em-
ploy another attorney for the purpose of collecting delin-
quent State and county taxes for a percentage thereof.

Article 7335a, Revised Civil Statutes, provides
that said contracts must be approved by both the Comptroller

and the Attorney General of the State of Texas, both as to substance and to form and further provides that any contract made in violation of such act shall be void.

As said by the Supreme Court in the case of White v. McGill, 114 S. W. (2d) 860, a contract for the collection of taxes on personal property must find the support in some article of the statute to be valid. And, as held in that case, and Easterwood v. Henderson County, 62 S. W. (2d) 65, as well as Sylvan Sanders Company v. Scurry County, 77 S. W. (2d) 709, contracts for the collection of delinquent taxes made between commissioners' courts and attorneys must be approved by the Comptroller and the Attorney General, otherwise they are void. There is no provision in the statute for the Comptroller to ratify such contracts after they have been performed. As said by the Supreme Court in Easterwood v. Henderson County, supra:

"The power to provide for the collection of delinquent taxes and prescribe the compensation to be paid for the services rendered in that respect resides exclusively in the legislature."

Since Articles 7335 and 7335-a embody the only provisions for a collecting attorney to receive a part of the share collected for the State as compensation for his services, he must bring himself within the terms of those statutes to be entitled to be compensated by the State. There is no statute which directly or indirectly clothes the Comptroller with authority to compensate an attorney for services rendered by him in collecting taxes.

Our answer to your question, therefore, is in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:LM

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS